IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-09-0695 |
| v. | § | |
| | § | CIVIL ACTION NO. H-13-2471 |
| JUAN ISAIS ESPARZA. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a *pro se* motion filed by Defendant to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 70.) The Government filed a motion to dismiss (Docket Entry No. 75), to which Defendant filed a response (Docket Entry No. 78).

Based on careful consideration of the motions, the response, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DENIES** the section 2255 motion, as follows.

### I. PROCEDURAL BACKGROUND AND CLAIMS

In October of 2010, the Court found Defendant guilty of illegal re-entry by a previously deported alien after an aggravated felony conviction, and sentenced him to 77 months imprisonment and a three-year term of supervised release. The conviction was affirmed on appeal, and Defendant's *pro se* petition for a writ of certiorari was denied.

Defendant raises the following grounds for habeas relief:

1.    The evidence is insufficient to establish alienage.

2.    The denial of his citizenship application in 2008 was erroneous.

3.    Trial counsel was ineffective in failing to move for a reduction of his total offense level pursuant to the fast-track program.

4.    His sentence is unconstitutional because it was based upon facts not charged in the indictment, or proven to a jury and not stipulated.

5.    His criminal history was egregiously over-represented.

6.    The Court committed plain error during sentencing.

7.    "Cause and prejudice" exist for any procedural default.

8.    He is entitled to an evidentiary hearing.

The Government argues that these claims are without merit.

## II. ANALYSIS

After a defendant has been convicted and exhausted his appeal rights, a court will presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A defendant may challenge his conviction or sentence after it is final by moving to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Relief under section 2255 is reserved, however, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Section 2255 relief is available only in limited circumstances,

2

and is not meant to substitute for an appeal. *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). Generally, a conviction will be overturned under section 2255 only if the defendant raises "issues of constitutional or jurisdictional magnitude" and demonstrates "cause and actual prejudice." *Id.* That is, section 2255 relief is not to be used for the routine correction of run-of-the-mill legal or factual errors, particularly if these issues could have been raised on appeal.

A.   Insufficient Evidence as to Alienage

Defendant argues that the evidence is insufficient to establish the element of alienage. This issue was raised and rejected on direct appeal, and will not be re-addressed in this proceeding. *See United States v. Esparza*, C.A. No. 10-20705 (5th Cir. 2013). Issues raised and disposed of in a previous appeal from an original judgment of conviction will not be considered in section 2255 motions. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). The Government is entitled to dismissal of Defendant's claim.

2.   Denial of Citizenship

Defendant claims that the denial of his citizenship application in 2008 was erroneous because he obtained derivative citizenship when his father became a naturalized citizen.

In affirming Defendant's conviction, the Fifth Circuit Court of Appeals reported as follows:

> While imprisoned in 2006, Esparza applied to the United States Citizenship and Immigration Services (USCIS) for a certificate of citizenship, asserting that he had automatically derived citizenship in 1994 from his U.S. citizen father pursuant to 8 U.S.C. § 1432(a) (1994). However, the USCIS denied his

3

application in 2008 after finding that his mother had been granted custody of him following the divorce in 1994 and that she was not a U.S. citizen from whom he could derive citizenship under § 1432(a). Esparza did not appeal the USCIS's decision.

*Esparza*, at *2–3.

A careful reading of Defendant's instant argument shows that he is not attempting to appeal the USCIS's 2008 decision, but rather, is using this purportedly improper administrative decision as further argument that he was not an alien at the time of his offense. Again, the Fifth Circuit found sufficient evidence of alienage on direct appeal, and this issue will not be reconsidered in context of Defendant's section 2255 proceeding. *See Kalish*, 780 F.2d at 508. The Government is entitled to dismissal of this claim.

3.    Ineffective Assistance of Trial Counsel

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was so defective that it prejudicially violated his constitutional right to effective assistance of counsel. The petitioner must satisfy a two-pronged test under the familiar *Strickland* standard. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first prong, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687–88. The petitioner must overcome the strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* Under the second prong, a petitioner must show actual prejudice; that is, he must demonstrate that, but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. *Id. Strickland*

4

demands that the likelihood of a different result "must be substantial, not just conceivable." *Harrington v. Richter*, \_\_\_U.S. \_\_\_\_, 131 S. Ct. 770, 792 (2011).

Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. It is the petitioner's burden to overcome the strong presumption of reasonableness. *Id.* In deciding a claim of ineffective assistance, the court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *Id.* at 690. The Fifth Circuit Court of Appeals has held that, under *Strickland*, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002).

Defendant claims that trial counsel was ineffective in failing to move for a reduction of his total offense level pursuant to the fast-track program. However, as correctly argued by the Government in its motion to dismiss, Defendant was not eligible for consideration under the fast-track program, even had he pleaded guilty to the charges. Because neither Defendant nor the record shows that Defendant would have received a reduction of his total offense level had counsel moved for consideration under the fast-track policies and provisions, Defendant fails to show either deficient performance or actual prejudice under

*Strickland.* Counsel cannot be considered deficient in failing to raise groundless motions or arguments. *See, e.g., United States v. Webster*, 392 F.3d 787, 796 n. 17 (5th Cir. 2004).

To any extent Defendant is attempting to challenge the constitutionality of the fast-track program or any lack of such program within this Court's jurisdiction, the claim should have been raised on direct appeal. The issue was not raised on direct appeal, and it cannot be subsumed within Defendant's claim for ineffective assistance of trial counsel. Consequently, habeas relief is unwarranted.

The Government is entitled to dismissal of Defendant's claim for ineffective assistance of counsel.

      4.   <u>Unconstitutional Sentence</u>

Defendant next asserts that his sentence is unconstitutional because it was based upon facts not charged in the indictment, or proven to a jury and not stipulated. In raising this argument, Defendant challenges the constitutionality of section 1326(b) regarding its treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Defendant's argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), as well as by Fifth Circuit precedent. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2004). The Government is entitled to dismissal of this claim.

5.    <u>Improper Criminal History</u>

Defendant alleges that his criminal history was egregiously over-represented due to his age, previous convictions, limited educational background, and other sentencing factors that were not taken into consideration. This habeas ground will be considered jointly with Defendant's sixth ground, as follows.

6.    <u>Plain Error During Sentencing</u>

Defendant complains that the Court committed plain error during sentencing.

Construed together, Defendant's fifth and sixth habeas grounds challenge the Court's application of the Sentencing Guidelines. A petitioner's challenge to a court's application of the Sentencing Guidelines does not present a cognizable federal habeas claim in context of a section 2255 proceeding. *See United States v. Payne*, 99 F.3d 1273, 1281–82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."); *see also United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (holding that misapplication of the Sentencing Guidelines is not a cognizable claim in a section 2255 motion). The Government is entitled to dismissal of these two claims.

7.    <u>Procedural Default</u>

Defendant argues that he can establish "cause and prejudice" for any sentencing challenges that may be held procedurally defaulted at this point. Although he does not expressly identify any claim that he believes may be procedurally defaulted, the Court will nevertheless address his assertion of "cause and prejudice."

A district court may consider a defaulted claim only if the petitioner can demonstrate either cause for his default and actual prejudice, or that he is actually innocent of the crime charged. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999). Defendant asserts his innocence by again claiming that he is not an alien. The Court has already explained that this issue was resolved against him on direct appeal and cannot be re-examined in context of this section 2255 proceeding. Accordingly, Defendant fails to establish actual innocence as to any procedurally barred and defaulted claim.

To any extent Defendant claims as "cause" his trial or appellate counsel's failure to raise any particular issue, the Court has denied his sole claim for ineffective assistance of trial counsel, and any other claim for ineffective assistance has itself been defaulted.

The Government is entitled to dismissal of this claim.

8.    Evidentiary Hearing

Defendant claims that he is entitled to an evidentiary hearing in this section 2255 proceeding.

A section 2255 motion requires an evidentiary hearing unless the pleadings, motion, and record of the case conclusively show that no relief is appropriate. *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, it must hold a hearing. If the record is adequate to

fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

The Court has been able to resolve Defendant's habeas claims based on the record before it, and no evidentiary hearing is needed. Defendant's request for an evidentiary hearing is **DENIED**.

### III.  CONCLUSION

The Government's motion to dismiss (Docket Entry No. 75) is **GRANTED** and Defendant's section 2255 motion (Docket Entry No. 70) is **DENIED**.  Any and all pending motions are **DENIED AS MOOT**.  A certificate of appealability is **DENIED**.

Defendant's companion civil case, C.A. No. H-13-2471 (S.D. Tex.), is **ORDERED ADMINISTRATIVELY CLOSED**.

Signed at Houston, Texas, on this the 21st day of August, 2014.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE